IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GORDON DYE, an individual,

                Plaintiff,                      No. 3:11-cv-911-HZ

      v.

BAC Home Loans Servicing, LP, a           OPINION & ORDER
foreign partnership; and ReconTrust
Company, N.A., a federal bank,

                Defendants.


Benjamin D. Knaupp, PC
254 N. First Avenue
Hillsboro, Oregon 97124

      Attorney for Plaintiff

/ / /

/ / /

/ / /


1 - OPINION & ORDER

Pilar C. French
Kristen L. Tranetzki
LANE POWELL PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Gordon Dye brings this foreclosure-related action against defendants BAC Home Loans Servicing, LP, and ReconTrust Company, N.A.  Plaintiff brings a quiet title claim seeking declaratory relief on the basis of allegations that a foreclosure sale, which has not yet occurred, is invalid.

      Defendants move to dismiss for failure to state a claim.  I grant the motion.

BACKGROUND

      On June 26, 2007, plaintiff borrowed $423,700 from lender Mortgage Trust, Inc., executing a promissory note in favor of Mortgage Trust.  See Ex. 1 to Tranetzki Decl. at pp. 1-2 (Deed of Trust, referring to promissory note).[1]  The note was secured by a Deed of Trust (DOT) against real property in Happy Valley, Oregon.  Ex. 1 to Tranetzki Decl.; Compl. at ¶ 5.  The DOT identifies plaintiff as the borrower, Mortgage Trust as the lender, and First American Title

_____

    [1] Defendants request that I take judicial notice of the Deed of Trust, the Notice of Default and Election to Sell dated April 4, 2011, and a February 28, 2011 Rescission of Notice of Default, all of which were recorded in Clackamas County.  Exs. 1-3 to Tranetzki Decl.  Judicial notice of these documents is appropriate because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  They are appropriately considered on a motion to dismiss.  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009).
    Defendants also request that I take judicial notice of several decisions from other judges in this District as well as from several Oregon circuit court judges.  To the extent judicial notice is necessary, I grant the request.

as the trustee.  Ex. 1 to Tranetzki Decl. at p. 1.  It also identifies the Mortgage Electronic

Registration Systems, Inc. (MERS) as the "beneficiary under this Security Instrument."  Id. at p.

2.  The DOT also states that MERS acts "solely as nominee for Lender and Lender's successors

and assigns[.]"  Id. at p. 3.

On December 7, 2010, MERS assigned the DOT to BAC Home Loans Servicing.  Compl.

at ¶ 6; Ex. 1 to Compl.  The assignment was recorded in Clackamas County on December 10,

2010.  Id.  Also on December 7, 2010, BAC Home Loans Servicing appointed ReconTrust

Company as successor trustee to First American Title.  Compl. at ¶ 7; Ex. 2 to Compl.  The

appointment of the successor trustee was recorded in Clackamas County on December 10, 2010.

Id.

On or about December 10, 2010, ReconTrust initiated foreclosure proceedings by filing a

Notice of Default and Election to Sell (NODES) in Clackamas County.  Compl. at ¶ 3; Ex. 3 to

Compl.  The December 2010 NODES states that plaintiff had been in default as of March 1,

2009, having failed to pay monthly payments of $2,302.12 beginning on that date, plus additional

late charges and other fees.  Id.  The December 2010 NODES further states that the foreclosure

sale would occur on April 20, 2011.  Ex. 3 to Compl.

On March 3, 2011, ReconTrust rescinded the December 2010 NODES.  Ex. 3 to

Tranetzki Decl.  However, on April 7, 2011, ReconTrust issued a new NODES, again declaring

plaintiff in default beginning on March 1, 2009, and this time setting a foreclosure sale date of

August 15, 2011.  Ex. 2 to Tranetzki Decl.

In his Complaint, filed August 2, 2011, plaintiff states he remains in possession of the

property and after receiving the NODES, brought this action to quiet title.  Compl. at ¶ 9.

3 - OPINION & ORDER

STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer
v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and
construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v.
City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need
not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir.
1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds"
of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative
level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in
fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the
plaintiff pleads factual content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)
(internal quotation omitted). Additionally, "only a complaint that states a plausible claim for
relief survives a motion to dismiss." Id. at 1950. The complaint must contain "well-pleaded
facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

DISCUSSION

Plaintiff's quiet title claim asserts that MERS lacks the capacity to assign the rights of the

beneficiary of the DOT because MERS is a nominee only and never possessed the legal rights of the beneficial owner of the note and the DOT.  Compl. at ¶ 10.  As a result, plaintiff alleges that BAC Home Loans Servicing lacked authority to foreclose because the assignment to it from MERS is invalid under the Oregon Trust Deed Act, Oregon Revised Statutes §§ (O.R.S.) 86.705 - 86.795 (OTDA).  Plaintiff also alleges that the foreclosure is invalid because of the presence of unrecorded assignments in violation of O.R.S. 86.735.

In support of their motion, defendants argue that (1) plaintiff's equitable claim for quiet title is barred by plaintiff's failure to plead the ability to tender the amount due on the loan; (2) plaintiff cannot allege a justiciable controversy without curing his loan default; and (3) plaintiff's quiet title claim fails on the merits.  Because I agree with defendants that plaintiff's claim lacks merit, I decline to address defendants' other arguments.

As in many similar cases in which borrowers challenge the validity of an impending foreclosure, plaintiff here alleges that MERS was a sham beneficiary and lacked the power to assign all beneficial interest under the DOT to BAC Home Loans Servicing, and accordingly, BAC Home Loans Servicing lacked the power to appoint ReconTrust as successor trustee to foreclose on the property.  I have previously held that naming MERS as a beneficiary in a DOT does not violate the OTDA.  Richard v. Deutsche Bank Nat. Trust Co., No. 3:09–cv–123–AC, 2011 WL 2650735, at *3 (D. Or. July 6, 2011) ("Because the trust deed in the present case explicitly names MERS as a beneficiary and specifically gives it the right to foreclose on Plaintiff's property, I find no error in the Magistrate Judge's findings [that the deed of trust authorized MERS to act as a beneficiary].").

Although some judges in this District have since reached the opposite conclusion, e.g.,

5 - OPINION & ORDER

James v. ReconTrust Co., No. 3:11-cv-324-ST, 2012 WL 653871 (D. Or. Feb. 29, 2012); Hooker
v. N.W. Trustee Servs., Inc., No. 1:10-cv-3111-PA, 2011 WL 2119103 (D. Or. May 25, 2011), I
adhere to my previous conclusion.  See Sovereign v. Deutsche Bank, No. 3:11–cv–995–BR,
2012 WL 724796, at *8 (D. Or. Mar. 5, 2012) (acknowledging Judge Simon's Opinion in James,
but adhering to conclusion reached in Reeves v. ReconTrust Co, N.A., No. 3:11–cv–1278–BR,
2012 WL 652681 (D. Or. Feb. 28, 2012), that recognized MERS as a valid beneficiary under
Oregon law).[2]

      Alternatively, plaintiff alleges that one or more assignments of lender Mortgage Trust's
beneficial rights have occurred, yet have not been recorded as required by O.R.S. 86.735(1) and
thus, defendants may not proceed with the foreclosure.  Compl. at ¶ 11.  While the allegations in
the Complaint are a bit unclear as to whether plaintiff contends that the alleged unrecorded
assignments are assignments of the DOT or the underlying note, plaintiff's response to the motion
to dismiss indicates that his claim is based on unrecorded assignments of the note, not the DOT.[3]

---

[2] The issue of whether MERS is a valid beneficiary under a DOT has been addressed in a
number of cases within the District of Oregon in which judges have reached different
conclusions. The judges in this District have agreed to certify this issue and related issues to the
Oregon Supreme Court in certain pending cases. The judges, however, have
decided not to stay pending cases addressing MERS issues in the meantime. See Graham v.
Recontrust Co., N.A., No. 3:11-cv-1339-BR at, *10 n.1 (D. Or. Mar. 27, 2012) (citing to cases
and quoting the certified questions).

[3] Plaintiff's Complaint and argument in his memorandum in response to the motion to
dismiss are both imprecise regarding whether the claim is based on unrecorded assignments of
the note or the DOT.  The Complaint does not identify any particular assignment at issue.
However, in response to the motion to dismiss, plaintiff relies on an exhibit to the Declaration of
Tim Stephenson which indicates that the loan, not the DOT, was transferred several times and
was ultimately "securitized" as part of a pool.  Ex. 1 to Stephenson Decl.  Also, plaintiff does not
dispute defendants' representation that there are no assignments of the DOT other than the one
from MERS to BAC Home Loan Servicing which was recorded.  Thus, I understand the claim to
be based on alleged unrecorded assignments of the note.

At least two judges in this District have rejected the argument that assignments of the underlying note must be recorded before a non-judicial foreclosure may commence. Stolz v. Onewest Bank, No. 3:11-cv-762-HU, Findings & Recommendation at pp. 26-28 (D. Or. Jan. 13, 2012), adopted by Judge Brown (D. Or. Mar. 30, 2012); James v. ReconTrust Co., No. 3:11-cv-324-ST, 2011 WL 3841558 (D. Or. Aug. 26, 2011), not adopted by Judge Simon, 2012 WL 653871 (D. Or. Feb. 29, 2012).  As Judge Stewart explained in James:

> Nothing in Oregon law requires recording of each assignment of the trust deed when the underlying note is transferred. The only recording requirement is found in ORS 86.735(1) for all "assignments of the trust deed by the trustee or the beneficiary" before a non judicial foreclosure by advertisement and sale. However, this statute by its express terms only requires the recording of assignments by the parties who have a recorded interest in the real property providing security, that is, "the trustee or the beneficiary."
>
> Although a transfer or assignment of the note transfers the security interest for the protection of the beneficiary, it is not the same act as "an assignment of the trust deed by the trustee or the beneficiary" contemplated by ORS 86.735(1). That statute makes no mention of recording a transfer of the promissory note, [as] opposed to the deed of trust. A promissory note is not a conveyance of real property and is not recorded or even susceptible to recordation. ORS 93.610, 93.630, 205.130. Recording interests in a promissory note would not serve the purpose of the recording statutes because the promissory note does not contain a description of the property, does not transfer title to real property, and does not affect title.
>
> Plaintiffs do not allege that either the Trustee (Fidelity National) or the Beneficiary (MERS) made any assignment of the Deed of Trust prior to the assignment by MERS to BACHLS. . . . Until that point in time, MERS remained the Beneficiary to act for the Lender (NWNG) and its successors and assigns, even if the note was sold to an assignee or acquired by a successor. By recording the assignment of the Deed of Trust from MERS to BACHLS, BACHLS then acquired the power to act as the Beneficiary, rendering valid its subsequent appointment of RTC as the successor trustee.

James, 2011 WL 3841558, at *11 (footnote omitted).

As with plaintiff's argument that MERS is not a valid DOT beneficiary, the judges in this

District have reached contrary conclusions regarding whether assignments of the note, as opposed to assignments of the DOT, violate the OTDA.  See Id. (Judge Stewart disagreeing with Judge Panner's opinion in Hooker).  For the reasons explained by Judge Stewart in James, and followed by Judge Hubel in Stolz, I join those judges who have concluded that unrecorded transfers of the note do not violate O.R.S. 86.735(1).  Thus, plaintiff's allegation that there were unrecorded assignments of the note does not state a claim for violation of the OTDA.

Finally, defendants move to strike the Declaration of Tim Stephenson and the "Mortgage Securitization Audit" attached as Exhibit 1 to Stephenson's Declaration.  I deny the motion because even considering the Audit and Stephenson's statements, I grant the motion to dismiss.

CONCLUSION

I grant defendants' motion to dismiss [9].  Plaintiff's quiet title claim is dismissed with prejudice.  I deny defendants' motion to strike [18].  Defendants' requests for judicial notice [11, 24] are granted.

IT IS SO ORDERED.

Dated this __17th___ day of __April_____, 2012

/s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge

8 - OPINION & ORDER